1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ISRAEL MALDONADO RAMIREZ,                 No.  2:15-cv-2155-EFB P (TEMP)

12                 Plaintiff,

13        v.                                    ORDER

14    JERRY BROWN JR., et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19                                    **28 U.S.C. § 1915(g)**

20        The federal in forma pauperis statute includes a limitation on the number of actions in

21    which a prisoner can proceed in forma pauperis.

22            In no event shall a prisoner bring a civil action or appeal a judgment
              in a civil action or proceeding under [§ 1915] if the prisoner has, on
23            3 or more prior occasions, while incarcerated or detained in any
              facility, brought an action or appeal in a court of the United States
24            that was dismissed on the grounds that it is frivolous, malicious, or
              fails to state a claim upon which relief may be granted, unless the
25            prisoner is under imminent danger of serious physical injury.

26    28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases

27    dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

28    prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

1    For purposes of § 1915(g), the court must determine whether plaintiff has, on three or

2  more occasions prior to the filing of this new action, brought a civil action or appeal that was

3  dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which

4  relief could be granted.  Where a court denies a prisoner's application to file an action without

5  prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to

6  state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes

7  of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

8                                        **DISCUSSION**

9    Court records reflect that plaintiff filed this action after having brought three or more prior

10  civil actions that this court dismissed on the grounds specified in 28 U.S.C. § 1915(g).

11  Specifically, plaintiff suffered a strike for purposes of § 1915(g) on November 27, 2012, when the

12  district court dismissed Maldonado v. Shafter-Wasco North Division, No. 1:12-cv-01586-LJO-

13  GBC (E.D. Cal.) for failure to state a claim.  Plaintiff suffered a second strike on March 14, 2013,

14  when the district court dismissed Maldonado v. Superior Court Kern County, No. 1:12-cv-01467-

15  AWI-JLT (E.D. Cal.) for failure to state a claim.  Plaintiff suffered a third strike on June 24,

16  2013, when the district court dismissed Maldonado v. Facility 4A Building 8 Staff, 1:12-cv-

17  01630-DLB (E.D. Cal.) for failure to state a claim.  Plaintiff suffered a fourth strike on January

18  15, 2014, when the district court dismissed Maldonado v. Committee Counsel Wasco R/C, No.

19  1:12-cv-01670-SAB (E.D. Cal.) for failure to state a claim.  Finally, plaintiff suffered a fifth

20  strike on April 4, 2014, when the district court dismissed Maldonado v. Facility 4A Medical, No.

21  1:12-cv-01330-AWI-SAB (E.D. Cal.) for failure to state a claim.

22    Plaintiff commenced this action on October 15, 2015, by filing a civil rights complaint,

23  together with an application to proceed in forma pauperis.  As discussed above, however, court

24  records reflect that plaintiff previously brought three or more prior federal cases that this court

25  dismissed for failure to state a claim.  Accordingly, pursuant to § 1915(g), plaintiff must submit

26  the appropriate filing fee in order to proceed with this action.[1]

27  _____

28  [1] There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use in
forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is denied; and

2. Within fourteen days of the date of this order, plaintiff shall pay the full filing fee for this action ($400.00).  Failure to comply with this order will result in dismissal of this action.

DATED:  March 14, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

under imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007).  In his complaint now before this court, plaintiff has not alleged that he was "under imminent danger of serious physical injury" when he filed this action.  Accordingly, the imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff in connection with this action.